LNE 7.22.25
JIH: USAO 2025R00202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CASE NO. GLR 25cr222 |
| v. | * |
| | * (Possession of a Firearm and |
| LECESTOR MELVIN WHITE, JR., | * Ammunition by a Prohibited Person, |
| | * 18 U.S.C. § 922(g)(1); Possession with |
| | * Intent to Distribute a Controlled |
| Defendant. | * Substance, 21 U.S.C. § 841(a)(1); |
| | * Possession of a Firearm in |
| | * Furtherance of a Drug Trafficking |
| | * Crime, 18 U.S.C. § 924(c)(1)(A)(i); |
| | * Forfeiture, 18 U.S.C. § 924(d), 21 |
| | * U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| | * |

*******

## INDICTMENT

### COUNT ONE
(Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about March 23, 2025, in the District of Maryland, the Defendant,

**LECESTOR MELVIN WHITE, JR.,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Beretta model BU9 Nano 9mm handgun, bearing serial number NU090985, and approximately five rounds of 9mm ammunition, which were in and affecting commerce. Before he committed the offense charged in this count, he had at least three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another.

18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(e)

## COUNT TWO
### (Possession with Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about March 23, 2025, in the District of Maryland, the Defendant,

**LECESTOR MELVIN WHITE, JR.,**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a scheduled II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT THREE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about March 23, 2025, in the District of Maryland, the Defendant,

**LECESTOR MELVIN WHITE, JR.,**

did knowingly possess a firearm, to wit, a Beretta model BU9 Nano 9mm handgun, bearing serial number NU090985, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Two of this Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under any of the offenses charged in Counts One through Three of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense alleged in Count Two of this Indictment, the Defendant,

**LECESTOR MELVIN WHITE, JR.,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

   b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense(s) alleged in Counts One or Three of this Indictment, the Defendant,

**LECESTOR MELVIN WHITE, JR.,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

    a. a Beretta model BU9 Nano 9mm handgun, bearing serial number NU090985; and

    b. approximately five rounds of 9mm ammunition.

### Substitute Assets

5.    If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_____
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

7/23/25
Date